IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELESTINE OKWILAGWE, | § | |
| #54413-177, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-1631-B-BK |
| | § | (CRIMINAL CASE NO. 3:16-CR-240-B) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Celestine Okwilagwe's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

## I. BACKGROUND

Okwilagwe was convicted by a jury of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and two counts of making false statements in health care matters, in violation of 18 U.S.C. § 1035. Crim. Doc. 253.[1] He was sentenced to consecutive prison terms of 120 months on Count One, 60 months on Count Two, and eight months on Count Three, for a total term of 188 months. Crim. Doc. 357. His sentence was affirmed on direct appeal. Crim. Doc. 480. On July 13, 2021, Okwilagwe filed this timely § 2255 motion. He asserts (1)

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Okwilagwe*, No. 3:16-CR-240-B (N.D. Tex. Apr. 22, 2019).

ineffective assistance of counsel (grounds 1-3), (2) violations of due process and the prohibition against double jeopardy (ground 4), (3) cruel and unusual punishment (ground 5), and (4) entry of an illegal judgment (ground 6). Doc. 2 at 4-6, 8, 13-14.[2]

The Government has filed a response opposing § 2255 relief. Doc. 14. Okwilagwe has filed a reply.[3] Doc. 21. Upon review, the Court finds that all of Okwilagwe's claims fail.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a movant stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under § 2255, a movant can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To succeed on a claim of ineffective assistance of counsel, a movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing

---

[2] The page references are to the page number reflected at the top right portion of the document.

[3] To the extent the reply could be interpreted as an attempt to raise new grounds in support of the motion, the Court is not considering them. In its initial *Order and Instructions to Parties*, the Court cautioned Okwilagwe that a reply "shall not include any new allegations of fact or new grounds for relief." Doc. 3 at 2. The Court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response. *Cf. United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998)(finding district court was not required to consider affidavits submitted after the government filed its response). In any event, any new grounds would be untimely.

professional norms.  *Id.* at 688.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Id.* at 689 (citation omitted).  Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

**A.  Claims of Ineffective Assistance of Counsel Fail (grounds 1-3)**

In his first ground, Okwilagwe alleges that he received ineffective assistance of counsel from the first attorney he retained, Bruce Anton.  The only evidence submitted in support of this ground is the conclusory allegation in Okwilagwe's declaration that he relieved Anton and moved to have him replaced "because it appeared Mr. Anton was not effectively advocating or otherwise attempting to negotiate a reasonable plea agreement with the Government."  Doc. 9 at 2, ¶ 6.  The claim is fatally vague and conclusory.  *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) (refusing as conclusory claim of ineffective assistance of counsel).  Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (per curiam) (internal quotation and citation omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Further, the Court need not consider Anton's affidavit (Doc. 14-1 at 2-3) in determining that the first ground cannot be sustained.  Nevertheless, the Court does note that motions for continuance filed by Okwilagwe reflect that Anton was actively working on plea negotiations and was optimistic a resolution would be reached.  Crim. Doc. 76; Crim. Doc. 80.

In his second ground, Okwilagwe alleges that he received ineffective assistance from David R. Scoggins, the second attorney he retained to represent him, for a laundry list of reasons. Doc. 2 at 5, 13. Again, Okwilagwe's declaration is largely conclusory. Doc. 9 at 2-4.

Okwilagwe first alleges that Scoggins failed to advocate for a plea agreement or, alternatively, failed to advise Okwilagwe of the negotiations. Doc. 2 at 5. Okwilagwe does not describe any specific plea agreement that could have been entered. He makes no effort to show that he would, in fact, have accepted any plea offer. Nor has he shown that but for counsel's ineffective advice he would have entered into a plea agreement that would have been accepted by the Court and that he would have received a more favorable sentence. *Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012).

Okwilagwe next asserts that Scoggins failed to move for a suppression of evidence. Doc. 2 at 5. In support, Okwilagwe avers:

> As far as Affiant is aware, Mr. Scoggins did not even entertain moving the Court for a Suppression of Evidence hearing. Had counsel done so, much of the evidence/testimony introduced at and during trial would not have been permitted for submission to the jury.

Doc. 9 at 2, ¶ 11. Okwilagwe has not shown, however, that he had any valid Fourth Amendment claim, much less that the outcome of the case would have been different had any particular evidence been excluded. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). A mere allegation of prejudice is not sufficient. *United States v. Kayode*, 777 F.3d 719, 724 (5th Cir. 2014). Okwilagwe has not shown that Scoggins was ineffective in this regard. *United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (movant bears the burden of showing that counsel's performance was unreasonable under prevailing professional norms).

Okwilagwe also avers that Scoggins did not discuss or otherwise consult with Okwilgawe regarding voir dire questions, jury instructions, or witness lists. Doc. 2 at 5. Okwilgawe's

4

declaration does not provide any facts to show that Scoggins' tactics were so ill chosen that it permeated the entire trial with unfairness. *See Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). Even if true, Okwilagwe's conclusory allegations are insufficient to establish deficient performance or prejudice.

Okwilagwe complains that Scoggins failed to move for a lesser-included-offense instruction, as Okwilagwe contends that he could only have been convicted of conspiracy to commit healthcare fraud (count one of the second superseding indictment) or making false statements (counts two and three), but not both. Doc. 2 at 5. As discussed, *infra*, conspiracy and making false statements are separate crimes. Thus, counsel was not in ineffective for failing to request a frivolous instruction.

Okwilagwe argues that Scoggins did not object to imposition of consecutive sentences for each of his convictions, Doc. 2 at 5, and failed to object to the lack of grouping of offenses in the presentence report, Doc. 2 at 13. Again, as is discussed *infra*, the law is clear that the sentence was appropriate. Moreover, Okwilagwe's factual basis is flawed, as grouping rules were applied in the Guideline calculations. Crim. Doc. 292-1 at 13, ¶ 43. Thus, he did not receive ineffective assistance in this regard.

Okwilagwe also contends that Scoggins was ineffective in failing to advise Okwilagwe that he might have been eligible for a two-level reduction for acceptance of responsibility. Doc. 2 at 13. However, Okwilagwe was not eligible for such a reduction, having chosen to go to trial. USSG § 3D1.1 n.2. In any event, Okwilagwe never accepted responsibility for his conduct. Crim. Doc. 447 at 48. Again, counsel was not ineffective.

Additionally, Okwilagwe frivolously claims (1) Scoggins was ineffective for failing to object that the sentence was contrary to the law, Doc. 2 at 13; but Okwilagwe's sentence was

statutorily authorized, (2) Scoggins should have objected on the basis of double jeopardy to the sentence imposed, Doc. 2 at 13; but as discussed, *infra*, Okwilagwe's convictions were for separate offenses so he was not subjected to double jeopardy, and (3) Scoggins was ineffective in failing to raise an objection based on cruel and unusual punishment, Doc. 2 at 13; however, Okwilagwe has not shown that his sentence was grossly disproportionate to the crimes he committed, as addressed *infra*.  As such, counsel was not ineffective on either of these bases.

Finally, Okwilagwe's third ground of alleged ineffective assistance of appellate counsel for failure to argue any of the issues described in his first and second grounds is wholly conclusory and fails to state a basis for relief.  Doc. 2 at 6.  Okwilagwe does not even mention appellate counsel in his declaration.  Doc. 9.  Moreover, because the claims of ineffective assistance of trial counsel raised in the first and second grounds are without merit, the allegation of ineffective assistance of appellate counsel for failure to raise them is also without merit.  In any event, appellate counsel's duty is to choose among potential issues, according to his judgment as to their merit and his tactical approach, to select the most promising issues for review.  *Jones v. Barnes*, 463 U.S. 745, 752 (1983).  Counsel is not required to raise every nonfrivolous claim.  *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  Even if Okwilagwe had nonfrivolous claims, and he does not, he has not shown that such claims were clearly stronger than those presented.  *Id.*

### B.  Claims Regarding Sentencing Lack Merit (grounds 4-6)

In his fourth ground, Okwilagwe asserts that he was subjected to double jeopardy because he was sentenced to three separate terms of imprisonment for the same scheme and course of conduct.  Doc. 2 at 8.  In his fifth ground, he asserts that his punishment was cruel and unusual for basically the same reason.  *Id.* at 13-14.  Neither of these grounds has merit.

Okwilagwe was convicted of one count of conspiracy to commit healthcare fraud and two counts of making false statements in health care matters. The elements of conspiracy to commit health care fraud are that:

> (1) two or more persons made an agreement to commit an unlawful act;
>
> (2) the defendant knew the unlawful purpose of the agreement; and
>
> (3) the defendant joined in the agreement willfully, with the intent to further the unlawful purpose.

*United States v. Simpson*, 741 F.3d 539, 547 (5th Cir. 2014).  The elements of a charge of making a false statement in health care matters are that:

> (1) the defendant made a materially false, fictitious, or fraudulent statement or misrepresentation;
>
> (2) in connection with the delivery of [or payment for] health care benefits; and
>
> (3) the defendant did so knowingly and willfully.

*United States v. Dailey*, 868 F.3d 322, 330 (5th Cir. 2017).  On their face, the two statutes require proof of different elements, requiring proof of different facts, thus supporting separate sentences.  *United States v. Hale*, 468 F.2d 435, 436-37 (5th Cir. 1972).  Okwilagwe was not subjected to double jeopardy.  Moreover, Congress clearly intended to punish the conduct separately.  *See United States v. Singleton*, 16 F.3d 1419, 1425 n.31 (5th Cir. 1994) (text of the statute is the best indicator of Congress's intent to impose cumulative punishments); *United States v. Deason*, 622 F. App'x 350, 360 (5th Cir. 2015) (two statutes covering different conduct and requiring proof of different facts demonstrate Congress's intent to punish the conduct separately).

Only sentences that are grossly disproportionate to the crimes committed can be found constitutionally infirm.  *United States v. Gonzales*, 121 F.3d 928, 942-43 (5th Cir. 1997), *overruled on other grounds by United States v. O'Brien*, 560 U.S. 218 (2010).  "Gross

disproportionality concerns showing the sentence is completely arbitrary and shocking to the sense of justice." *United States v. Farrar*, 876 F.3d 702, 715 (5th Cir. 2017). Okwilagwe's sentence at the bottom of the sentencing guideline range does not shock the conscience and is not constitutionally infirm. Crim. Doc. 447 at 32, 48; Crim. Doc. 309-1 at 4, ¶ 85; Crim. Doc. 357.

In his sixth ground Okwilagwe alleges that he was denied due process because his term of imprisonment is not consistent with the "Comprehensive Crime Control Act/Sentencing Reform Act of 1983/84" and the Court lacked authority to impose such a sentence. Doc. 2 at 14. His argument is nonsensical. *See* Doc. 12 at 8-13, 15; Doc. 21 at 2-4. Okwilagwe was sentenced at the bottom of the sentencing guideline range, the Court having determined that the sentence was "fair for promoting respect for the law, providing just punishment, the safety of the community for economic crimes and all of the 3553(a) factors." Crim. Doc. 447 at 48. Such a sentence is reasonable. *United States v. Alonzo*, 435 F.3d 551, 552 (5th Cir. 2006). Okwilagwe has not shown otherwise. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (movant bears the burden of establishing his right to relief).

### III. EVIDENTIARY HEARING NOT REQUIRED

Okwilagwe contends that he is entitled to an evidentiary hearing to resolve his ineffective assistance claims. Doc. 21 at 4. However, "[w]hen the files and records of a case make manifest the lack of merit of a § 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *Cavitt*, 550 F.3d at 442). Because Okwilagwe's claims lack merit for reasons wholly supported by the record, as previously noted herein, no evidentiary hearing is

required.

## IV. CONCLUSION

Okwilagwe's § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 9, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).